UNITED STATES of America, ex rel.
Taylor FITZGERALD,
Petitioner-Appellant,

v.

James JORDAN, Superintendent, Cook
County Juvenile Detention Center,
Phillip Hardiman, Director, Cook
County Department of Corrections, and
Richard M. Daley, State's Attorney of
Cook County, Illinois, Respondents-Appellees.

No. 84–1687.

United States Court of Appeals,
Seventh Circuit.

Oct. 17, 1984.

See also, 7th Cir., 747 F.2d 1120.

---

Before COFFEY, Circuit Judge, PELL,
Senior Circuit Judge and DUMBAULD,
Senior District Judge *.

ORDER

This matter is before the Court on the
motion of the respondents-appellees to dismiss the appeal as moot. Upon consideration thereof the Court being duly advised
denies the motion.

The Court rests its decision on a well-recognized exception to the mootness doctrine,
which, although productive of difficult issues, involves those questions which are
capable of repetition yet evading review.
*See, e.g., Roe v. Wade,* 410 U.S. 113, 125, 93
S.Ct. 705, 712, 35 L.Ed.2d 147 (1973);
*Southern Pacific Terminal Co. v. ICC,*
219 U.S. 498, 31 S.Ct. 279, 55 L.Ed. 310
(1911). This aspect of the doctrine is
unique in that it permits courts to assert
jurisdiction over certain types of cases, despite the fact that decisions in those cases
might seem to have little direct effect on
the rights of the litigants before the court.

Actions which are found to be capable of
repetition generally involve allegations that
statutes or continuing government policies
or courses of conduct have substantial adverse effects on the rights of the complaining parties. For example, in *Super Tire
Engineering Company v. McCorkle,* 416
U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974),
an employer who was engaged in cyclical
collective bargaining sought a declaratory
judgment as to the invalidity of a state
statute which permitted striking workers
to receive assistance through state welfare

---

* The Honorable Edward Dumbauld, Senior District Judge for the Western District of Pennsylvania, is sitting by designation.

programs. In addressing the issue of mootness, the Court held that jurisdictional requirements of both Article III and the Declaratory Judgment Act to be satisfied, noting:

> "[T]he challenged governmental activity in the present case is not contingent, has not evaporated or disappeared, and, *by its continuing and brooding presence,* casts what may well be a substantial adverse effect on the interests of the petitioning parties."

*Id.* 416 U.S. at 122, 94 S.Ct. at 1698 (emphasis supplied).

Similarly, in *Roe v. Wade, supra,* the Court reached the merits of the constitutionality of the Texas abortion statute, despite the fact that the complaining party, while pregnant at the time the action had been filed, had left that status at the time of the district court hearing.

Clearly, in both *Roe* and *Super Tire,* the fact that a significant class of federal claims might continually escape adjudication was a substantial factor in the Court's decision to assume jurisdiction. It was not this factor alone, however, that gave the Court jurisdiction under Article III. Rather, the requisite case or controversy stemmed from the fact that (1) the plaintiffs had alleged the existence of a federal right; (2) the right was alleged to be the subject of an existing violation at the time the complaint was filed; and (3) that the right would be subjected to future violations was not a matter of speculation or conjecture but of reasonable expectation because of the existence of a statute or course of conduct of sufficient permanence to amount to the "brooding presence" described in *Super Tire.*

It is true that the individual petitioner may not ever again be in exactly the same situation he now is under the Illinois Stat-

ute involved in this case, Illinois Rev.Stat. ch. 37, § 702–7(6), reading as follows:

> "The definition of a delinquent minor under Section 2–2 of this Act shall not apply to any minor who at the time of an offense was at least 15 years of age and who is charged with murder, aggravated criminal sexual assault, or armed robbery when the robbery was committed with a firearm. These charges and all other charges arising out of the same incident shall be prosecuted pursuant to the Criminal Code of 1961, as amended." [1]

Nevertheless, this statute is recognized as one of general application to be used in the type of situation in which the state has filed an interlocutory appeal involving the unconvicted defendant. The fact situation set forth in this case is indeed likely to be repeated, and, as in the case of *Roe,* the challenged action concerning the period of confinement might be too short a period in duration to allow it to be fully litigated prior to its cessation or expiration. Also, it is noted that while the Supreme Court of Illinois has issued its opinion on the challenge to the Juvenile Transfer Act and has reversed the judgment of the state trial court, petitions for rehearing and reconsideration may be filed in the Illinois Supreme Court.

For the reasons stated, the motion to dismiss the appeal is DENIED.

---

1. This law took effect on September 8, 1982. Previously, a delinquency petition would have been filed in the juvenile court system and the case would have been removed to the adult court system only after a determination by a specially designated juvenile judge that the alleged crime would best be tried in the adult court system. *See* Ill.Rev.Stat. ch. 37, § 702–7(3).